IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL WESTON, #04120-043                                                              PLAINTIFF

VERSUS                                                  CIVIL ACTION NO.  5:07cv180-DCB-MTP

ALBERTO GONZALES, HARLY LAPPIN,
and FEDERAL BUREAU OF INVESTIGATION                                           DEFENDANTS

OPINION AND ORDER

On September 25, 2007, the plaintiff filed a complaint and requested in forma pauperis status.  The plaintiff was warned in a notice of assignment from the Clerk that his failure to keep this court advised of his current address or failure to comply with an order of this court could result in the dismissal of this action.  On September 26, 2007, an order [3] was entered directing the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within thirty days. The plaintiff was warned in the order [3] of September 26, 2007, that his failure to timely comply with the requirements of the order would be deemed a purposeful delay and contumacious act by the plaintiff and might result in this case being dismissed sua sponte, without prejudice, and without further written notice to the plaintiff.

Even though the plaintiff failed to comply with the order [3] of September 26, 2007, out of an abundance of caution, the plaintiff was ordered [4] on November 28, 2007, to respond in writing on or before December 19, 2007,  and explain why this case should not be dismissed for his failure to comply with this court's order [3] of September 26, 2007.  The plaintiff was warned

in the order [4] of November 28, 2007, that if he did not comply with the court orders his case would be dismissed without prejudice and without further notice to him.

The plaintiff has failed to comply with the court's orders of September 26, 2007, and November 28, 2007. Additionally, the plaintiff has failed to communicate with the court since he filed the instant civil action on September 25, 2007. Therefore, it is apparent to this court from the plaintiff's failure to comply with two orders of this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  3rd  day of January, 2008.


                             s/ David Bramlette
                            UNITED STATES DISTRICT JUDGE